# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CHIEHEN CHUNG, on behalf of himself
and on behalf of all others
similarly situated,**

    **Plaintiff,**　　　　　　　　　　　　**CASE NO.:**

**v.**

**THINKDIRECT MARKETING GROUP, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHIEHEN CHUNG ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, THINKDIRECT MARKETING GROUP, INC. ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.   Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida, which lies within the Middle District.

## PARTIES

4.   Plaintiff is a resident of Hillsborough County, Florida.

5.   Defendant THINKDIRECT MARKETING GROUP, INC. operates a WHAT in Seminole, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

1.   Plaintiff has satisfied all conditions precedent, or they have been waived.

2.   Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

3.   Plaintiff requests a jury trial for all issues so triable.

4.   At all times material hereto, Named Plaintiff CHIEHEN CHUNG was employed by Defendant as a verification operator.

5.   The putative class of similarly situated employees consists of all other verifiers employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

6.   At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

7.   At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant THINKDIRECT MARKETING GROUP, INC. within the meaning of the FLSA.

8. At all times material hereto, Defendant THINKDIRECT MARKETING GROUP, INC. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Defendant THINKDIRECT MARKETING GROUP, INC. continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant THINKDIRECT MARKETING GROUP, INC. was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

11. At all times relevant to this action, Defendant THINKDIRECT MARKETING GROUP, INC. engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

12. At all times relevant to this action, the annual gross sales volume of Defendant THINKDIRECT MARKETING GROUP, INC. exceeded $500,000 per year.

13. Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

14. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

15. Plaintiff Chung began working for Defendant as a verification operator in May 20, 2017, and he still works in this capacity.

16. At all times material hereto, Plaintiff and Members of the Class worked hours at the direction of Defendant, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

17. Specifically, Defendant has failed to pay Plaintiff any wages for the last month of his employment. To this day, Defendant continues to fail to pay Plaintiff his earned wages.

18. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of all verification operators whom Defendant failed to compensate for all hours worked in accordance with the FLSA.

20. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

21. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

22. Defendant's failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Class.

23. Overall, Plaintiff's experience as a verification operator who worked for Defendant is typical of the experience of the Class.

24. Specific job titles or job duties of the Class do not prevent collective treatment.

25. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff and the Class worked for Defendant, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

28. Defendant failed to compensate Plaintiff and the Class at a rate that was at least equal to the applicable federal minimum wage.

29. The Members of the Class are similarly situated because they were all employed as verification operators by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its verifiers at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

30. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Plaintiff and the Members of the Class who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

31. All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a)   Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)   Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)   Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)   Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Class;

(f)   A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)   Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and opt-in Members of the Class at the applicable statutory minimum wage, as liquidated damages;

(h)   Judgment against Defendant stating that its violations of the FLSA were willful;

    (i)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    (j)    All costs and attorney's fees incurred in prosecuting these claims; and

    (k)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of June, 2019.

    Respectfully submitted,

    */s/Brandon J. Hill*
    **BRANDON J. HILL**
    Florida Bar Number: 37061
    **WENZEL FENTON CABASSA, P.A.**
    1110 North Florida Ave., Suite 300
    Tampa, Florida 33602
    Direct: 813-337-7992
    Main: 813-224-0431
    Facsimile: 813-229-8712
    Email: bhill@wfclaw.com
    Email: twells@wfclaw.com
    **Attorney for Plaintiff**